**In re Innocencio PEREZ and Lorraine Perez, Debtors.**

**Lorraine and Innocencio PEREZ, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Samuel R. Pierce, Jr., Secretary of the U.S. Department of HUD; Joseph Russell, Chief Loan Management Branch, Philadelphia Area Office; and Commonwealth Eastern Mortgage Corporation, Defendants.**

Bankruptcy No. 86–01250G.
Adv. No. 86–0190G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 17, 1986.

Michael Donahue, Delaware County Legal Assistance, Chester, Pa., for debtors/plaintiffs, Lorraine and Innocencio Perez.

Virginia R. Powel, Asst. U.S. Atty., Philadelphia, Pa., for defendants, U.S. Dept. of Housing and Urban Development, Samuel R. Pierce, Jr., Secretary of U.S.C. Dept. of HUD; Joseph Russell, Chief Loan Management Branch, Philadelphia Area Office.

Michael A. Cibik, Philadelphia, Pa., Trustee.

### OPINION

EMIL F. GOLDHABER, Chief Judge:

The question for resolution is whether we should grant either of two opposing

---

motions for summary judgment in the instant suit in which the debtors allege, *inter alia,* that the United States Department of Housing and Urban Development ("HUD") wrongfully declined to accept assignment of the debtors' mortgage. For the reasons granted herein, we will grant HUD's motion for summary judgment.

The facts of this case are as follows:[1] The debtors purchased their home in October of 1984 with the first installment payment of $349.19 due on December 1 of that year. In exchange for the funds to purchase the house, the debtors granted a first mortgage on the premises to Commonwealth Eastern Mortgage Corp. ("Eastern") which was insured by the Federal Housing Authority ("the FHA"). None of the payments for the first three months were made timely.[2]

At the time they purchased the house the debtors monthly income consisted of salary of $700.00 to $800.00, a grant from the Department of Public Welfare ("DPA") of $273.00 and food stamps of $188.00. In March of 1985, the debtors' DPA grant was eliminated on the basis that the debtors' salary had increased since the house had been purchased and thereby exceeded the guidelines fixed by that state agency.

On April 1, 1985, Eastern declared the loan in default. During the latter part of that month, the debtor-husband was injured at his place of employment and he accordingly received no wages for several weeks. While he was entitled to Workmen's Compensation, he did not receive actual payment on the claim until after he returned to work. Furthermore, during the months of April and May the debtors' food stamps were cut by $50.00 per month.

Faced with foreclosure of the mortgage, the debtors then requested HUD to accept an assignment of the mortgage, HUD declined on two independent bases. The first was that the debtors' default on the mortgage was not caused by circumstances beyond the debtors' control. The second was that there was insufficient likelihood that the debtors would be able to resume making full mortgage payments after a period of reduced or suspended payments not exceeding 36 months. The debtors then filed a petition for relief under chapter 7 earlier this year and have instituted the adversary action at bar, seeking a judicial review of HUD's refusal to accept an assignment of the mortgage. The opposing parties have filed cross motions for summary judgment.

Under the National Housing Act of 1934, HUD insures mortgages of qualifying families who would otherwise be precluded from purchasing a home. On default, the mortgagee may assign the mortgage to HUD to avoid foreclosure if, *inter alia:*

(5) The mortgagor's default has been caused by circumstances beyond the mortgagor's control which render the mortgagor unable to correct the delinquency within a reasonable time or make full mortgage payments [and]

(6) There is a reasonable prospect that the mortgagor will be able to resume full

---

1. Under Fed.R.Civ.P. 56, which is applicable through Bankruptcy Rule 7056, summary judgment can be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as matter of law." The U.S. Court of Appeals for the Third Circuit has characterized summary judgment as "as drastic remedy," and has stated "that courts are to resolve any doubts as to the existence of genuine issues of fact against the moving parties." *Hollinger v. Wagner Mining Equipment Co.,* 667 F.2d 402, 405 (3d Cir.1981). "Inferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable

to the party opposing the motion." *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert. den.,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Nonetheless, in opposing a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(c).

2. The December, 1984 payment was made on January 14, 1985; the January payment on January 25; and the February payment on March 14, 1986.

mortgage payments after a period of reduced or suspended payments not exceeding 36 months and will be able to pay the mortgage in full by its maturity date extended, if necessary, by up to ten years.

24 C.F.R. § 203.650(a)(5) and (a)(6) (1982).

Section 702 of Title 5 provides severally that a person who is adversely affected by an action of a United States agency is entitled to judicial review thereof. 5 U.S.C. § 702. In the absence of a special statutory review proceeding, any applicable form of legal action, including actions for declaratory judgment or injunction, is appropriate. 5 U.S.C. § 703. In the case at bench, the debtors request that this court compel HUD to accept assignment of the mortgage or remand the case to HUD for re-examination.

The Supreme Court of the United States delineated the inquiry governing review of an informal agency action, pursuant to 5 U.S.C. § 706, in *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). Our review is thus whether the Secretary of HUD acted within the scope of his authority, whether the choice made was arbitrary, capricious or an abuse of discretion, and whether the secretary followed the required procedures.

In the case at hand the debtors contend that HUD abused its discretion and failed to follow proper procedures when it failed to consider the husband-debtor's disability from work as a precipitating factor in the default on the mortgage. HUD counters by stating that the husband-debtor's injury happened after the default.

We find the government's point well taken; the default occurred prior to the injury and could not have spawned the delinquency. Thus, we conclude that HUD did not err in failing to consider the import of the physical injury. An independent basis for this decision is that HUD did not abuse its discretion in concluding that the debtors would be unable to resume full payments on the mortgage within three years.

We will accordingly enter an order granting the defendants' motion for summary judgment and deny the debtors' motion for such relief.